

FILED

JAN - 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN, INC.<br>1600 20th Street, NW<br>Washington, DC 20009<br>(202) 588-1000<br><br>      Plaintiff,<br><br>v.<br><br>FOOD AND DRUG ADMINISTRATION<br>5600 Fishers Lane<br>Rockville, MD 20854<br>(301) 827-2410<br><br>      Defendant. | Case: 1:08-cv-00005<br>Assigned To : Kennedy, Henry H.<br>Assign. Date : 1/3/2008<br>Description: Admn. Agency Review |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. §§ 301-394, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 702 and 706, to compel the United States Food and Drug Administration (FDA) to act on Public Citizen's petition seeking adequate warnings about the risk of tendon injury associated with fluoroquinolone antibiotics. On August 29, 2006, pursuant to 21 C.F.R. § 10.30, Public Citizen petitioned FDA to immediately add a "black-box" warning regarding the risks of tendinopathy and tendon rupture to the product labels of all fluoroquinolone antibiotics presently on the market in the United States, citing an alarming number of fluoroquinolone-induced tendon injuries reported to the agency. Public Citizen also urged FDA to mandate a "Dear Doctor" letter to warn physicians of these adverse effects and require the distribution of an FDA-approved Medication

1

Guide for all patients, to be dispensed when the prescriptions are filled. Although sixteen months have passed since Public Citizen filed its petition, FDA has neither granted nor denied the petition, nor has the agency taken action to adequately warn physicians and patients about the risk of fluoroquinolone-induced tendinopathy and tendon rupture. These stronger warnings to doctors and patients could lead to earlier intervention to stop tendon pain from progressing to frank tendon rupture by changing to other antibiotics. Therefore, to protect public safety and prevent needless injury, Public Citizen seeks a declaration that FDA has acted unlawfully by withholding action on Public Citizen's petition and an order requiring FDA to act thereon.

**PARTIES**

2.     Plaintiff Public Citizen is a national, non-profit, public interest organization, headquartered in Washington, DC, with approximately 90,000 members. Since its founding in 1971, Public Citizen has worked before Congress, regulatory agencies, and in the courts to advance the interests of its members on a wide-range of consumer protection issues. In particular, Public Citizen's Health Research Group (HRG) promotes research-based, system-wide changes in health care policy and provides oversight concerning drugs, medical devices, doctors, hospitals, and occupational health. HRG works to ban or relabel unsafe or ineffective drugs, and publishes "Worst Pills, Best Pills News," a consumer guide to avoiding drug-induced death or illness. "Worst Pills, Best Pills News" has about 170,000 subscribers. Public Citizen and its members have been, and continue to be, injured by FDA's failure to act on Public Citizen's petition and to require adequate warning of the risk of fluoroquinolone-induced tendinopathy and tendon rupture, because such injuries could be prevented if doctors and patients were more aware of early warning signals. As long as fluoroquinolones are prescribed without

adequate warnings of the risk of these adverse effects, Public Citizen's members are at heightened risk of suffering fluoroquinolone-induced tendinopathy and tendon rupture.

3.    The Department of Health and Human Services (HHS) is an agency of the federal government, and defendant FDA is an agency within HHS. By delegation from HHS, FDA is responsible for administration of the FDCA, 21 U.S.C. § 301 *et seq. See* 21 C.F.R. § 5.10. In particular, FDA regulates the content and format of prescription drug labeling. 21 C.F.R. 201. As set forth in more detail below, FDA has violated the law by failing to act on Public Citizen's petition seeking adequate labeling on fluoroquinolone antibiotics to inform the public about the risk of tendon injury associated with such drugs.

## JURISDICTION

4.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## FACTS

5.    Fluoroquinolones are antibiotic drugs that are widely prescribed for gastrointestinal, respiratory, and genito-urinary tract infections. Fluoroquinolones presently on the market in the United States include Ciprofloxacin (Cipro; Bayer); Enoxacin (Penetrex; Aventis); Gatifloxacin (Tequin; Bristol-Myers Squibb); Levofloxacin (Levaquin; Ortho-McNeil); Lomefloxacin (Maxaquin; Unimed); Moxifloxacin (Avelox; Bayer); Norfloxacin (Noroxin; Merck); and Ofloxacin (Floxin; Daiichi-Sankyo). Generic versions of two of these drugs, ciprofloxacin and ofloxacin, are also marketed in the United States.

6.    Fluoroquinolones are drugs within the meaning of the FDCA, 21 U.S.C. § 321(g)(1), and new drugs within the meaning of 21 U.S.C. § 321(p).

7.     The FDCA, 28 U.S.C. § 331, prohibits the introduction into interstate commerce of any drug that is misbranded. A drug is misbranded unless its labeling bears adequate warnings. 28 U.S.C. § 352(f).

8.     Tendinopathy and tendon rupture associated with fluoroquinolone antibiotics has been observed since at least 1988. Since that time, reports of fluoroquinolone-induced tendon injuries have appeared repeatedly in the medical literature.

9.     In August 1996, Public Citizen successfully petitioned FDA to place a warning regarding the risk of tendinitis and tendon rupture on the package inserts of all fluoroquinolones. Although it was thought that such a warning would effectively educate physicians and patients about this adverse event, a simple non-bolded warning buried in the list of possible adverse reactions to fluoroquinolones has proved inadequate. Fluoroquinolone-induced tendon injuries continue to occur at an alarming rate.

10.    From November 1997 through December 31, 2005, the FDA adverse event database received reports of 262 cases of tendon ruptures; 258 cases of tendinitis; and 274 cases of other tendon disorders in patients using fluoroquinolone antibiotics. Because only a small fraction of adverse events typically are reported to FDA, the actual number of injuries attributable to fluoroquinolones is considerably higher. Analysis of the entire FDA adverse event database reveals that fluoroquinolones are implicated significantly more often in tendon ruptures than any other class of drugs. There has been no change in the rate of fluoroquinolone-induced tendon ruptures reported to FDA since December 31, 2005. From January 2006 through March 31, 2007, the FDA adverse event database received reports of 74 additional cases of tendon ruptures

in patients using fluoroquinolone antibiotics for a total of 336 cases of tendon rupture reported since November 1997.

11.     FDA issued a statement in the October 1996 issue of its Medical Bulletin to all manufacturers of fluoroquinolones requesting a revision of the package inserts to include a new paragraph in the "Warnings" section acknowledging the risk of tendonitis and tendon rupture in patients using fluoroquinolones. The warning is among a list of other potential side effects and is in plain, non-bold type. Although the warning is accurate, it is buried in a long list of potential adverse reactions. Fluoroquinolone-induced tendon ruptures persist despite the re-labeling of the package insert in 1996. A more pronounced black-box warning would better alert physicians and patients of this complication.

12.     On August 29, 2006, pursuant to 21 C.F.R. § 10.30, Public Citizen filed a petition with FDA, docket no. 2006P-0371, urging FDA to immediately add a black-box warning regarding the risks of tendinopathy and tendon rupture to the product labels of all fluoroquinolone antibiotics presently on the market in the United States. Public Citizen also urged FDA to mandate a "Dear Doctor" letter to warn physicians of these adverse effects and require the distribution of an FDA-approved Medication Guide for all patients, to be dispensed when the prescriptions are filled.

13.     In support of its petition, Public Citizen presented an analysis of the FDA adverse event database to document the relationship between fluoroquinolone use and tendon injury.

14.     On February 26, 2007, FDA responded to Public Citizen's petition, indicating that FDA had not yet reached a decision because the petition "raises complex issues requiring extensive review and analysis by Agency officials."

15. On August 29, 2006, the Office of the Illinois Attorney General (IL AG) sent a letter to FDA in support of Public Citizen's petition. The IL AG had submitted a similar petition to FDA on May 18, 2005, docket no. 2005P-0205. On November 16, 2005, FDA responded to the IL AG's petition, indicating that FDA had not yet reached a decision because the petition "raises complex issues requiring extensive review and analysis by Agency officials." To date, FDA has not ruled on the IL AG's petition of May 2005 petition.

16. Public Citizen's petition provides sufficient grounds for FDA to order enhanced labeling of fluoroquinolone antibiotics pursuant to 21 C.F.R. § 201.57(c)(1).

17. To date, FDA has not issued a decision on Public Citizen's petition, nor has it taken action to require adequate warnings of the risk of fluoroquinolone-induced tendinopathy and tendon rupture. Specifically, FDA has failed to require a black-box warning and enhanced provider information and, in addition, has failed to mandate an FDA-approved Medication Guide for patients. FDA has failed to act despite the significant and continuing reports to the agency of tendon injury linked to the use of fluoroquinolone antibiotics.

18. The considerable danger to public health occasioned by FDA's failure to require adequate warnings of the risk of fluoroquinolone-induced tendinopathy and tendon rupture counsels in favor of expeditious action on Public Citizen's petition. The pace of FDA's decisional process is lagging unreasonably in light of the nature and extent of the public health interests prejudiced by FDA's delay. Without FDA action on Public Citizen's petition to add adequate warnings to the labels of fluoroquinolone antibiotics, Public Citizen's members will continue to suffer injury or the threat of injury because they are at risk of being prescribed fluoroquinolone antibiotics and

suffering tendon damage or tendon rupture as a result. With adequate warnings, they could prevent the evolution of tendonitis into tendon rupture.

## CLAIMS FOR RELIEF

1. FDA's failure to act on Public Citizen's petition constitutes agency action unlawfully withheld or unreasonably delayed and violates the Administrative Procedure Act, 5 U.S.C. § 706(1).

2. FDA's failure to act on Public Citizen's petition is not in accordance with law and violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

WHEREFORE, Plaintiff requests that this Court:

    A. Declare unlawful FDA's failure to act on Public Citizen's petition;

    B. Order FDA to issue a decision on Public Citizen's petition within 30 days of declaring FDA's failure to act unlawful;

    C. Award Public Citizen its reasonable costs and attorney's fees under 28 U.S.C. § 2412; and

    D. Grant all other appropriate relief.

Respectfully submitted,

*[signature]*

Michael T. Kirkpatrick (DC Bar No. 486293)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
202-588-1000
202-588-7795 (fax)

Attorney for Plaintiff Public Citizen

Dated: January 3, 2008

JS-44
(Rev.1/05 DC)

Case 1:08-cv-00005-HHK   Document 1-2   Filed 01/03/2008   Page 1 of 2

CIVIL COVER SHEET

08-5
HHK

## I (a) PLAINTIFFS

PUBLIC CITIZEN, INC.

## DEFENDANTS

FOOD AND DRUG ADMINISTRATION

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  **11001**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael T. Kirkpatrick
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC  20009

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-00005
Assigned To : Kennedy, Henry H.
Assign. Date : 1/3/2008
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

● **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*   OR   ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
Administrative Procedure Act, 5 U.S.C. 706, to compel agency action unlawfully withheld or unreasonably delayed.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____  Check YES only if demanded in compl: JURY DEMAND: YES ☐  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE January 3, 2008   SIGNATURE OF ATTORNEY OF RECORD [signature]

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.