IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC CITIZEN, INC.,

    Plaintiff,

v.

FOOD & DRUG ADMINISTRATION,

    Defendant.

Docket No.: 1:08-cv-00005-HHK

**ANSWER**

Defendant the United States Food & Drug Administration ("FDA") answers Plaintiff's Complaint as follows:

**INTRODUCTION**

1.    FDA admits that Plaintiff filed a complaint purporting to bring claims under the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301-394, and the Administrative Procedures Act, 5 U.S.C. §§ 702 and 706; that Plaintiff filed a Citizen Petition ("CP") on August 29, 2006; and that, as of the date of this Answer, FDA has neither granted nor denied the CP. To the extent paragraph 1 purports to describe the contents of the CP, the document speaks for itself and no response is required. FDA otherwise denies the allegations in paragraph 1.

2. FDA lacks knowledge sufficient to affirm or deny the allegations in paragraph 2 that concern Plaintiff's organizational structure, its membership, and its operations and therefore denies them. FDA otherwise denies the allegations in paragraph 2.

3. FDA admits that the Department of Health and Human Services ("HHS") is an agency of the federal government, and that FDA is an agency within HHS. FDA further admits that FDA is responsible for administration of the FDCA, 22 U.S.C. § 301 *et seq*. FDA otherwise denies the allegations in paragraph 3.

## JURISDICTION

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, FDA denies the allegations in paragraph 4.

## FACTS

5. FDA admits that fluoroquinolones are a class of prescription antimicrobial drugs used to treat various bacterial infections and microorganisms in patients. FDA further admits that ciprofloxacin, levofloxacin, moxifloxacin, norfloxacin, and ofloxacin are currently marketed in the United States. FDA otherwise denies the allegations in paragraph 5.

  6.  FDA admits the allegations in paragraph 6.

  7.  Paragraph 7 is a statement of law to which no response is required.

  8.  FDA admits that tendon disorders have been infrequently reported in clinical studies. FDA further admits that the published literature reports a high risk of tendon rupture when fluoroquinolone use is associated with old age and corticosteroid treatment. FDA otherwise denies the allegations in paragraph 8.

  9.  FDA admits that Plaintiff filed a CP in August 1996. FDA further admits that in response to post-marketing reports of tendon rupture, in 1998 the manufacturers of fluoroquinolones revised the WARNINGS sections of the labeling (package insert) for these drugs to address the risk of tendon rupture. FDA otherwise denies the allegations in paragraph 9.

  10.  FDA admits that adverse events associated with fluoroquinolones, including cases of tendon ruptures, tendonitis, and other tendon disorders, were reported to FDA's adverse events database in the period November 1997 though March 2007. Without knowing the parameters Plaintiff used to search the adverse events database to derive the figures alleged in paragraph 10, however, FDA can neither affirm nor deny the allegations in

paragraph 10 concerning the numbers of each type of report and therefore denies them.

11.   FDA admits that it issued a statement to manufacturers of fluoroquinolones in the October 1996 issue of its Medical Bulletin.  To the extent paragraph 11 purports to describe the contents of that statement, the document speaks for itself and no response is required.  FDA further admits that adverse events associated with fluoroquinolones, including cases of tendon ruptures, tendonitis, and other tendon disorders, have been reported to FDA's adverse events database since 1996.  FDA otherwise denies the allegations in paragraph 11.

12.   FDA admits that Plaintiff filed the CP on August 29, 2006.  To the extent paragraph 12 purports to describe the contents of the CP, the document speaks for itself and no response is required.  FDA otherwise denies the allegations in Paragraph 12.

13.   Paragraph 13 purports to describe the contents of the CP. The document speaks for itself and no response is required.

14.   FDA admits that on February 26, 2007, FDA issued a tentative response to the CP.  To the extent paragraph 14 purports to describe

the contents of the tentative response, the document speaks for itself and no response is required.

15. FDA admits that on August 29, 2006, the Office of the Illinois Attorney General ("Illinois AG") sent a letter to FDA regarding the CP. FDA further admits that on May 18, 2005, the Illinois AG filed a petition regarding fluoroquinolone antibiotics. And FDA admits that on November 16, 2005, FDA issued a tentative response to the Illinois AG's petition. To the extent paragraph 15 purports to describe the contents of the letter, the petition and the tentative response, the documents speak for themselves and no response is required. FDA admits that, as of the date of this Answer, FDA has neither granted nor denied the Illinois AG's petition.

16. Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, FDA denies the allegations in paragraph 16.

17. FDA admits that, as of the date of this Answer, FDA has neither granted nor denied the CP. FDA otherwise denies the allegations in paragraph 17.

18. FDA denies the allegations in paragraph 18.

## CLAIMS FOR RELIEF

19. FDA denies the allegations in the first claim for relief.

20. FDA denies the allegations in the second claim for relief.

21. FDA denies that Plaintiff is entitled to the relief requested in paragraphs A-D of the Wherefore clause, or any other relief for the claims alleged in the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim for which relief can be granted under the law.

2. The Complaint is premature and not ripe.

3. There has been no final agency action on the CP.

| | |
|---|---|
| Of Counsel: | Respectfully submitted, |
| JAMES C. STANSEL<br>Acting General Counsel | JEFFREY S. BUCHOLTZ<br>Acting Assistant Attorney General |
| GERALD F. MASOUDI<br>Associate General Counsel<br>Food and Drug Division | C. FREDERICK BECKNER III<br>Deputy Assistant Attorney General |
| ERIC M. BLUMBERG<br>Deputy Chief Counsel, Litigation | EUGENE M. THIROLF<br>Director |
| JOHN H. FUSON<br>Associate Chief Counsel, Litigation<br>U.S. Dept. of Health & Human Services<br>Office of the General Counsel<br>5600 Fishers Lane, GCF-1<br>Rockville, Maryland 20857<br>Telephone: (301) 827-1190<br>Facsimile: (301) 827-6915<br>John.Fuson@fda.hhs.gov | /s/ Lauren E. Hash<br>LAUREN E. HASH<br>Trial Attorney<br>Office of Consumer Litigation<br>U.S. Department of Justice<br>P.O. Box 386<br>Washington, DC 20044<br>Telephone: (202) 353-1991<br>Facsimile: (202) 514-8742<br>Lauren.Hash@usdoj.gov |

Date: April 1, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such to the following CM/ECF registrant:

>Michael T. Kirkpatrick
>Public Citizen Litigation Group
>1600 20th Street NW
>Washington, DC 20009
>202-588-1000

>By: /s/ Lauren E. Hash
>LAUREN E. HASH
>Trial Attorney

>Office of Consumer Litigation
>U.S. Department of Justice
>P.O. Box 386
>Washington, DC 20044
>Telephone: (202) 353-1991
>Facsimile: (202) 514-8742
>Lauren.Hash@usdoj.gov